

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 19-CR-3963 VJ1 |
| vs. | ) |
| **MARION L. LEDFORD,** | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **MARION L. LEDFORD**, and the defendant's counsel, ROBERT COOPER:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   e. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging a violation of 26 U.S.C. § 7201: Tax Evasion.

## ELEMENTS OF THE OFFENSE

4. The elements of 26 U.S.C. § 7201: Tax Evasion, are:

   a. The defendant owed substantial income tax in addition to the tax liability which he reported on his 2015 income tax return;

   b. The defendant intended to evade and defeat payment of that additional tax;

   c. The defendant committed an affirmative act in furtherance of this intent, that is, he filed a false 2015 tax return; and

   d. The defendant acted willfully, that is, with the voluntary intent to violate a known legal duty.

## SENTENCING

5. The defendant understands that the minimum and maximum penalty the Court can impose is:

   a. imprisonment for a period of not more than five years imprisonment;

   b. a fine not to exceed $100,000.00;

   c. a term of supervised release of three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

6. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7. The parties agree that, as part of the defendant's sentence, the Court will enter an order of restitution.

8. It is expressly understood and agreed by and between the defendant and the United States that:

a. The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

c. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

d. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the

defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

### DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **From on or about 2011 to 2017, I was a CPA and a director of the Robert W. Hamilton Foundation ("RWH Foundation") in Alamogordo, NM. The RWH Foundation is a private independent non-profit foundation that provides scholarships to local high school graduates in Otero County. While serving as a director, I embezzled over $1.5 million from the RWH Foundation by writing myself checks from the RWH Foundation's accounts. I controlled the finances of the foundation with no oversight and was able to carry on this pattern for at least five years, from 2011-2016. During 2011-2016, I received this additional embezzlement income but did not report it on my personal income tax return. I had my returns professionally prepared (by the CPA firm of which I was a partner), but I did not provide any information regarding the receipt of this additional income. The evasion of my tax assessment through underreporting caused a tax loss of $629,289. In all, I caused 61 checks totaling $1,785,300 to be made payable to myself from the RWH Foundation.**
>
> **On or about April 28, 2016, I filed my 2015 personal income tax return, knowing that the stated income and tax liability were false. In my false 2015 return, I reported that my taxable income was the sum of $241,522 and that the total amount of tax due and owing thereon was the sum of $62,829, when as I then and there knew I owed a substantial income tax in addition to the tax liability I reported. I intended to evade and defeat payment of that additional tax and filed my 2015 personal income tax return in furtherance of this**

4

intent. I did this with the voluntary intent to violate the legal duty I knew I had to pay this additional tax. I now know that my additional taxable income for 2015 was $490,000 and the additional tax due and owing was $189,314.

The following chart correctly reflects my additional taxable income, in addition to what I reported, for the years 2011 to 2016 based on my embezzlement from the RWH Foundation and my additional tax due and owing for those years.

| YEAR | FORM | REPORTED TAXABLE INCOME | ORIGINAL TAX DUE AND OWING | ADDITIONAL (EMBEZZLED) TAXABLE INCOME | ADDITIONAL TAX DUE AND OWING |
|---|---|---|---|---|---|
| 2011 | 1040 | $135,667 | $31,158 | $427,300 | $142,509 |
| 2012 | 1040 | $304,959 | $64,272 | $229,000 | $70,270 |
| 2013 | 1040 | $192,759 | $40,870 | $307,000 | $110,039 |
| 2014 | 1040 | $239,275 | $62,071 | $207,000 | $74,001 |
| 2015 | 1040 | $241,522 | $62,829 | $490,000 | $189,314 |
| 2016 | 1040 | $248,111 | $65,355 | $125,000 | $43,156 |
| TOTAL | | $1,362,293 | $326,555 | $1,785,300 | $629,289 |

10. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

STIPULATIONS

11. The United States and the defendant stipulate as follows:

a. Pursuant to U.S.S.G. § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the

5

defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

        b.      Provided the defendant meets the requirements of U.S.S.G. § 3E1.1(b), the government agrees to move for a reduction of one additional level from the base offense level as calculated under the sentencing guidelines.

        c.      The tax loss amount is $629,289 pursuant to U.S.S.G. § 2T1.1.

        d.      The defendant agrees to consent to any regulatory action taken by a federal financial institution regulatory agency to permanently remove the defendant from office and/or prohibit the defendant from participating, whether as an institution-affiliated party or otherwise, in the conduct of the affairs of any insured depository institution or depository institution holding company, or any other organization or entity provided in Section 8(e) of the Federal Deposit Insurance Act, 12 U.S.C. § 1818(e).

        e.      Apart from the provisions in this plea agreement, the United States and the defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

12.      The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the

advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S OBLIGATIONS

13. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

14. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## RESTITUTION

15. The defendant agrees and acknowledges that, as part of the defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the defendant is entering a plea of guilty, but may and should order restitution resulting from all of the defendant's criminal conduct related to this case.

16. In this case, the defendant agrees to pay restitution in the total principal amount of $2,414,589, which includes restitution to the Robert W. Hamilton Foundation in the amount of $1,785,300 and restitution to the Internal Revenue Service in the amount of $629,289, all of which is payable to the United States District Court Clerk. No later than July 1 of each year after sentencing, until restitution is paid in full, the defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided to the defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the defendant's most recent tax returns.

## WAIVER OF APPEAL RIGHTS

17. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

18. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

19. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

20. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

21. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

22. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

23. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement

is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 20th day of November, 2019.

JOHN C. ANDERSON
United States Attorney

*[signature]*

RICHARD C. WILLIAMS
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*[signature]*

MARION L. LEDFORD
Defendant

I am the attorney for MARION L. LEDFORD. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*[signature]*

ROBERT COOPER
Attorney for Defendant